392 So.2d 755 (1980)
Francis J. DUCHARME, Plaintiff-Appellee,
v.
Jerry GUIDRY, Harold Stoutes and Allstate Insurance Company, Defendant.
Appeal of STOUTES.
No. 7948.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Davidson, Meaux, Sonnier & Roy, M. Candice Hattan, Lafayette, and Brinkhaus, Dauzat & Falgoust, Jerry Falgoust, Opelousas, for defendant-appellant.
Richard C. Meaux, Jr., Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
*756 DOUCET, Judge.
Plaintiff, Francis J. Ducharme, brought this suit to recover property damages for the negligent clearing of his land. He named as defendants, Jerry Guidry, the owner of the adjacent land, Guidry's insurer, Allstate Insurance Company, and Harold Stoutes, the owner of a business which clears land.
Plaintiff alleges that on or about August 22, 1979, Guidry contracted with Stoutes, to clear Guidry's property. Plaintiff further alleges that Stoutes' employee, "Man" Willingham, operated a bulldozer which negligently cleared his property.
Plaintiff seeks recovery from Guidry and his Insurer for his personal negligence and his negligent hiring of Stoutes to clear his property, and from Stoutes for his personal negligence and the negligence of his employee, Willingham.
Defendants Guidry and Allstate Insurance Company answered the petition and filed a third party demand against Stoutes, seeking indemnification for any judgment rendered, and alternatively for contribution.
Stoutes was personally served on the 5th day of January, 1980, and a Preliminary Default was entered against him on the 12th day of March, 1980. On March 24, 1980, the Confirmation of Default was begun and the District Court continued the taking of evidence until the 1st day of April, 1980. Judgment was granted for plaintiff and against Stoutes on April 1, 1980, in the amount of $60,000.00. Stoutes appeals.
The only issue on appeal is whether there was sufficient competent evidence to support a default judgment.
In his petition, plaintiff alleged that Stoutes was negligent in hiring an incompetent bulldozer operator and in failing to supervise him properly. In addition, he alleged that Stoutes was vicariously liable for his employee's negligence. On appeal, Stoutes argues that the evidence presented by plaintiff was insufficient to establish his liability under any of these theories.
After carefully reviewing the evidence in the record, we agree with Stoutes' contention. In order to recover under any of the theories set out in his petition, plaintiff had to prove that the damage was caused by an employee of Stoutes. Stoutes correctly argues that the evidence does not support such a finding.
The only evidence relevant to this issue was the following testimony of Jerry Veazey, plaintiff's stepfather:
Q. Okay. Is your property immediately adjacent to that of Jerry Guidry?
A. It is.
Q. Okay. On or about May 22, 1979, were you present at your home when Mr. Guidry attempted to bulldoze his property?
A. Yes.
Q. Okay. At this time, did you talk to Mr. Guidry?
A. I sure did.
Q. Did you happen to ask him who had contracted to bulldoze his property?
A. I asked him who the bulldozer belonged to; if it was for the parish, or if he had hired it. He said it was for Harold Stoutes.
Q. Okay. Did you also ask the bulldozer operator?
A. I sure did.
Q. What did he tell you?
A. I had never met Harold Stutes. I asked him if that was his dozer. He told me no, he said, `I work for Harold Stutes.'
THE COURT. You saw them bulldoze the trees on your step-son's property?
A. I sure did.
THE COURT. Did you talk to him after it was over? Is that when you noticed it?
A. Well, when they first started, I told them they were going on the wrong place.
THE COURT. And they went ahead anyway?
A. They went ahead anyway. I sure told them. I told Jerry, and I told the dozer driver. I said, `You all better check your plans back.' I said, `You all are going the wrong way.' *757 THE COURT. And the dozer driver admitted he had been hired by Harold Stutes. He said he worked for Harold Stutes?
A. Yes, he told me that.
THE COURT. And he said that was Harold's dozer and everything?
A. That's right.
THE COURT. Okay. That's fine."
Stoutes correctly argues that this hearsay testimony could not be used to establish that the bulldozer operator was his employee.
Article 1702 of the Code of Civil Procedure provides that "[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." This provision has been construed to mean that in confirming a default, the plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied. Hearsay evidence does not sustain this burden of proving a prima facie case. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir. 1980).
In view of the fact that plaintiff has failed to prove one of the essential allegations of his petition and has therefore failed to establish a prima facie case, we conclude that the default judgment was erroneously rendered. Accordingly, it is reversed and set aside, and this matter is remanded to the district court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed against the plaintiff-appellee.
REVERSED AND REMANDED.