526 So.2d 404 (1988)
MINE & SMELTER, DIVISION OF KENNEDY VAN SAUN CORPORATION
v.
CERES GULF, INC. d/b/a Ceres Stevedores.
No. CA 7904.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
*405 Steven T. Richard, Edward F. Bukaty, III, Metairie, for plaintiff.
Kathleen K. Charvet, McGlinchey, Stafford, Mintz, Cellini & Lang, PC, New Orleans, for defendant.
Before GARRISON, KLEES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Ceres Gulf Inc., ("Ceres") appeals from the district court's granting of a default judgment in favor of plaintiff Mine and Smelter, a Division of Kennedy Van Saun Corporation. We reverse and remand for further proceedings not inconsistent with this opinion.
In November 1984, Ceres was hired by Mine & Smelter to unload gear equipment in New Orleans. Mine & Smelter alleges that Ceres caused damages to its cargo. In an attempt to be compensated for the damaged goods, Mine and Smelter sent Ceres several invoices for which no payment was received. A demand letter was issued and on October 23, 1986, Mine and Smelter filed a Petition on Open Account. Ceres was duly served with petition and citation but failed to appear and answer. A default judgment was rendered against Ceres on October 14, 1987 with an additional award of attorneys' fees and interest.
In confirming the default, Mine and Smelter submitted, as evidence of the claim, invoices and an affidavit of the correctness of the amount allegedly owed. Ceres appeals from this judgment.
On appeal Ceres contends that the trial court erred 1) in finding this to be an action on open account, 2) in determining that Mine & Smelter produced evidence sufficient to establish a prima facie case and 3) in granting a default judgment on open account and awarding attorneys' fees and interest where Mine & Smelter failed to meet the procedural requirements of LSA-R.S. 9:2781.
The dispositive issue in this appeal is whether the relationship between the parties constituted an open account. By concluding that Mine & Smelter's action was properly brought as one on open account, the trial court relied on a lower standard of evidence to find that they were entitled to a default judgment.[1] If the trial court erred, and this action should be for breach of contract as Ceres maintains, then the evidence is insufficient to support the judgment. Dundee Tailoring Company, Inc., v. Jefferson Davis Parish School Board, 264 So.2d 316 (La.App. 3rd Cir.1972), Delta Tank Manufacturing Co., Inc. v. Dearborn Machinery Movers Co. Inc., 144 So. 2d 698 (La.App. 4th Cir.1962).
LSA-R.S. 9:2781, Subd. C, as amended in 1983, defines open accounts to include any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.
With the 1983 amendment the statute was broadened to allow professionals that rendered a one time service to use the stream-lined procedure of an action on open account to recover payment. We agree with Ceres that the amendment applies to professional services only.
*406 Professionals were always accomodated by the open account statute, however it failed to address the situation where professional services were rendered in conjunction with a single transaction. The analogy between professional services and typical open accounts is in the nature of the relationship between the parties and the payment collection process. Professionals usually render services by billing hours or visits over a period of time. Open accounts are made up of a series of transactions or course of dealings over a period of time.
Both parties agree that their relationship was contractual. There had been no prior dealings between them. Mine and Smelter's claim for payment is not due for purchases or services rendered, as the open account statute contemplates. Their claim is for damages alleged when Ceres performed services that Mine & Smelter contracted for. In no way does this cause of action fall within the parameters intended for actions on open account.
The invoices created and issued by Mine and Smelter may not be the best evidence to establish a claim of damage. Ascension Builders, Inc. v. Jumonville, 263 So.2d 875 (La.1972). A higher standard of evidence is required for breach of contract actions under LSA-CC art. 2277. For breach of contract the requisite standard of proof is the testimony of one credible witness and other corroborating circumstances.
Ceres relies on Ducharme v. Guidry, 392 So.2d 755 (La.App. 3rd Cir.1980), in requesting that costs of appeal be imposed on Mine & Smelter. The taxing of court costs is discretionary with the appellate court and to the extent that the facts presented to us can be distinguished from Ducharme we do not find it equitable to impose court costs on Mine & Smelter. LSA-C.C.P. art. 2164; Hewitt v. Watson, 345 So.2d 1302 (La.App. 3rd Cir.1977).
REVERSED AND REMANDED
NOTES
[1] La.C.C.P. art. 1702, subd. B(3) provides that, to obtain a default judgment in an action on open account, prima facie proof consists of invoices to establish the account and an affidavit of correctness.