KLEES, Judge.
This is an appeal from a judgment against defendant requiring him to pay a sum due on an open account for professional services rendered by plaintiff. We reverse and remand.
Defendant, George T. Mustakas, II, was counsel for the plaintiff in an action entitled “Alfred Lee Wright, Jr. v. U.S. Gypsum et al.” During the course of discovery in that action, Mr. Mustakas took the deposition of one of the defendant’s experts, F.M. Brooks, P.E., plaintiff in the instant action. On March 25, 1987, plaintiff submitted a bill to Mr. Mustakas in the amount of $611.70. The amount remained unpaid, and on July 21, 1987 a demand letter was sent to Mr. Mustakas but to no avail. This suit was filed on September 11, 1987, praying for payment of the amount due along with attorney fees under La.R.S. 9:2781.
After many delays, trial was set for September 1, 1988. The ad hoc judge sitting in place of Judge Grieshabor continued the trial without setting a date. The next day Judge Grieshabor set the trial date for September 16, 1988. No written notice was sent to defendant. Instead, Judge Griesha-bor’s law clerk left word with defendant’s secretary.[1]
Defendant failed to appear at trial on September 16, 1988. Judgment was rendered in favor of plaintiff for the amount due, $611.70, plus attorneys fees in the amount of $2,200.00. Defendant’s subsequent attempt to supplement his answer and application for a new trial were denied. Defendant then instituted this appeal.
The issues before this court on appeal are: whether the fees for services rendered by plaintiff properly constitute an “open account” within the meaning of La.R.S. 9:2781; and if so, whether the attorney fees granted in this case were reasonable.
Defendant first contends that the services rendered by Mr. Brooks do not fit *1091 within the definition of “open account.” La.R.S. 9:2781(C) provides as follows:
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, “open account” includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. “Open account” shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
Since the 1983 amendment to that statute, professional fees for services rendered on a one-time basis fit within the definition of “open account.” Mine & Smelter v. Ceres Gulf, Inc., 526 So.2d 404 (La.App. 4th Cir.1988). Expert consultations clearly fit within the definition of professional services.
However, the open account statute was not meant to be expanded so as to be applied within the context of litigation costs. The deposition of an opposing party’s expert witness is not a “professional service” within the meaning of La.R.S. 9:2781. The expert may be deposed, and although he customarily charges a fee, this fee should be handled as any other litigation cost and does not fall within the scope of the “open account” statute.
The question involving the reasonableness of attorney fees granted under La. R.S. 9:2781 has been pretermitted since that statute does not apply in this case.
Accordingly, for the reasons stated, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The defendant had previously filed a request for written notice of trial. However, the defendant failed to brief the sufficiency of notice issue on appeal, therefore we deem it abandoned. (Uniform Rules — Courts of Appeal, Rule 2-12.4).