666 So.2d 1286 (1996)
Columbus JOHNSON, Plaintiff-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants,
William E. Armstrong, Appellant/Defendant-in-Rule.
No. 27847-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1287 William E. Armstrong, Monroe, In Proper Person.
Albert E. Loomis, III, Monroe, for Appellee.
Before SEXTON, BROWN and WILLIAMS, JJ.
*1288 WILLIAMS, Judge.
William Armstrong ("Armstrong") appeals a judgment apportioning attorney fees calculated on Columbus Johnson's ("Johnson") recovery in an underlying personal injury case, equally between him and plaintiff's current attorney, Albert Loomis, III ("Loomis"). We affirm.

FACTS
William Armstrong represented Columbus Johnson in a personal injury case arising out of an automobile accident. Their written contract provided for a fee of 33 1/3% of any settlement received prior to filing of suit, and a fee of 40% of any settlement received after suit was filed. Defendant's exclusive representation of Johnson lasted from April 28, 1992 until April 24, 1994, during which time suit was filed. While representing Johnson, Armstrong received a settlement check in the amount of $69,000 from Insurance Company of North America. Johnson did not accept that settlement and it is unclear whether he authorized Armstrong to settle for that amount. Additionally, Armstrong and Johnson disagreed as to whether Armstrong's fee would be calculated based on the entire amount of the settlement received, or on an amount excluding Johnson's medical bills and property damage. After that disagreement, Johnson started searching for a new attorney to represent him.
On or about April 24, 1994, Johnson hired Loomis to represent him in this case. He and Loomis agreed upon a fee of 33 1/3% of any recovery. Loomis settled the case for $75,000 which was escrowed in an account bearing the names of the two attorneys and Johnson. After unsuccessful attempts to construct a fee agreement between Armstrong and Johnson, Loomis, on Johnson's behalf, filed a Motion and Rule to Establish Attorneys' Fees. At the hearing on the rule, the trial court found that Loomis' contract was in effect and that $19,500 was the total amount owed in attorney fees. This amount is 33 1/3% of $75,000 less the amount of Johnson's medical bills and property damage. The trial court also decreed that the $19,500 was to be split equally between Armstrong and Loomis with each attorney receiving $9,750. Armstrong appeals seeking a modification of the trial court's judgment.

DISCUSSION
Armstrong contends the trial court erred in finding he was discharged as Johnson's attorney, and therefore only entitled to a quantum meruit recovery of attorney fees. He argues that since he was retained as an attorney of record until the case was resolved, he was entitled to recover attorney fees proportional to the amount of work he did and time he spent on the case as the sole attorney of record. Armstrong argues that his proportional recovery should have been greater than fifty percent of the total calculated attorney fees.
In the absence of "manifest error" or unless it is "clearly wrong," an appellate court may not set aside a trial court's finding of fact. Rosell v. ESCO, 549 So.2d 840 (La. 1989). The reviewing court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding is clearly wrong (manifestly erroneous). Id. Thus, the issue to be resolved by a reviewing court is not whether the trial court was correct in its conclusions, but whether its conclusion was reasonable. Where two permissible views of the evidence exist, the trial court's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880 (La.1993).
When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. When factual findings are based upon witness credibility determinations, the manifest error/clearly wrong standard demands that the appellate court give great deference to the trial court's findings, since only the trier of fact is privy to body language and voice nuances that weigh so heavily on the listener's belief in what is said. Rosell, supra.
Johnson testified that he and Armstrong had a disagreement concerning the underlying case near the end of March 1994. *1289 He stated that Armstrong procured a settlement check without first discussing it with him, and that Armstrong refused to exclude Johnson's special damages when determining the amount upon which the attorney fees were to be calculated. Johnson further testified that Armstrong gave him his file and told him to see another attorney.
Johnson testified that he saw one other attorney who refused to take his case. He then consulted Loomis, and ultimately entered into a contract for representation with him. Loomis advised Johnson to keep Armstrong as an attorney of record and Johnson agreed. Loomis procured a $75,000 settlement offer which Johnson accepted. Johnson testified that Loomis encountered great difficulty in getting Armstrong to meet with them to negotiate the settlement check. They were not successful in deciding how the attorney fees were to be calculated.
Johnson informed the trial court that he felt Armstrong should be paid for the work he had done on the case. He testified, however, that since Armstrong gave him his file, told him to find another attorney, and misrepresented to him the way the attorney fees would be calculated, Armstrong was not entitled to a contingency fee.
Loomis testified that Johnson was unhappy with Armstrong at the time Johnson retained him to work on this case, and that his only motivation for suggesting that Armstrong be retained as an attorney of record was to present a united front to the insurance company. He further testified that it was his understanding when he started handling the case that Armstrong was no longer Johnson's attorney.
Armstrong did not contradict any of the factual events described by Johnson and Loomis. The only real difference in the testimony was Armstrong's interpretation of the meaning of the events. For example, although Armstrong stated that Johnson had agreed to the calculation of the attorney fees embodied in the written contract, and that the calculation was to be based on the gross settlement amount, he admitted that the calculation he presented to Johnson was different from their written contract. He also admitted that he did not apprise Johnson of the settlement offer prior to accepting the check on Johnson's behalf. However, Armstrong stated that his reason for not doing so was because he had received authority from Johnson to settle for as much as he could, but for at least $30,000 plus medical bills.
Armstrong's wife and secretary, Brenda Armstrong, testified on his behalf. She stated that she was in close proximity to Armstrong and Johnson at the time of their last conversation prior to their disagreement, and that Johnson gave Armstrong authority to settle his claim for as much as possible. She also testified that she overheard the last conversation between Armstrong and Johnson prior to Johnson's retention of Loomis, and that Armstrong did not tell Johnson to hire another attorney.
After reviewing the record in its entirety, we find the trial court's conclusion that Armstrong had been discharged as Johnson's attorney a reasonable one. The facts were virtually undisputed and there were two permissible interpretations of the evidence presented. Accordingly, we cannot say that the trial court was manifestly erroneous in concluding that Armstrong had been discharged as Johnson's attorney.
Armstrong next argues that he was entitled to greater than 50% of the attorney fees, since he handled the case for a longer period of time than Loomis, filed suit, and readied the case for settlement. However, because Armstrong failed to substantiate his claim for greater than 50% of the attorney's fee, we find that this argument lacks merit.
This court has held that an attorney seeking to recover fees on a quantum meruit basis assumes the burden of proving the value of his services, and the extent of his expenses. Fowler v. Jordan, 430 So.2d 711 (La.App.2d Cir.1983). Recovery is limited to the actual value of the service rendered. Id.
The considerations for determining a quantum meruit fee are as follows: the time and labor required in prosecuting or defending the claim; the difficulty and novelty of the questions involved; the degree to which the case precluded other employment; the fees customarily charged in the locality for *1290 similar services; the amount of money involved and the results obtained; the time constraints operative; and the experience, reputation and ability of the lawyer. Pharis & Pharis v. Rayner, 406 So.2d 723 (La.App. 3d Cir.1981), State Bar Articles of Incorporation, Art. 16, Rules of Prof. Conduct, Rule 1.5. A quantum meruit analysis properly evaluates not merely the hours expended, but the results and benefits obtained. Smith v. Westside Transit Lines, Inc., 313 So.2d 371 (La.App. 4th Cir.1975).
In the instant case, Armstrong presented no evidence of the time and effort he expended on this case during the two years he handled it. The only indications of Armstrong's efforts are comments made by the trial judge at the conclusion of the hearing. He states that Armstrong took the case at its inception, filed it first in city court and then in district court, assisted Johnson in obtaining medical care, worked up the case, did extensive discovery, researched the quantum value of the case, appeared at pretrial, and prepared the case for trial.
Although we acknowledge that Armstrong did the initial work on the case, we must turn our attention to the above guidelines to determine how much Armstrong's efforts were worth. Armstrong did not present a statement of the time he spent on the case. Therefore, while we agree with the trial court's findings, we cannot determine the amount of time Armstrong spent working on the case. Both attorneys took the view that the case was not an easy one as there were comparative negligence issues. Armstrong did not present testimony concerning the degree to which the case precluded other employment, the time constraints, if any, within which he had to settle, nor testimony concerning his reputation and experience as an attorney handling this type of case.
After a review of the record, we find that although Armstrong probably did a substantial amount of work on this case when he was the sole attorney, he presented no evidence to prove the value of his services. Thus on the record before us, we cannot say that the trial court abused its discretion in apportioning the attorney fees in this case.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant in rule, William Armstrong.
AFFIRMED.