692 So.2d 28 (1997)
The FIDELITY AND CASUALTY COMPANY OF NEW YORK
v.
A&M CONSTRUCTION, INC.
No. 96 CA 1326.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
*29 Joseph E. Fick, Jr., Metairie, for Plaintiff-Appellee.
Gary P. Duplechain, Slidell, for Defendant-Appellant.
Before SHORTESS, GONZALES and WHIPPLE, JJ.
SHORTESS, Judge.
The Fidelity and Casualty Insurance Company of New York (plaintiff) sued A & M Construction Company (defendant) for $54,718.00, representing the balance owed for insurance coverage plaintiff allegedly provided from August 2, 1992, to August 2, 1993. After filing its petition in November 1995, and personally serving defendant in December 1995, plaintiff filed a motion for a preliminary default judgment. In February 1996, the trial court granted the motion since defendant did not answer.
In March 1996, the trial court confirmed the default judgment according to Louisiana Code of Civil Procedure articles 1702(B)(3) and 1702.1(A). The evidence plaintiff offered to establish a prima facie case against defendant included: 1) a handwritten paper purporting to be an itemized statement of account; 2) a Correctness of Account affidavit by Elizabeth England, a legal account representative for plaintiff; and 3) an affidavit of correctness by plaintiff's attorney. Plaintiff also sought attorney fees according to Louisiana Revised Statute 9:2781, which allows a party to recover attorney fees in suits on open accounts.
Defendant has appealed this default judgment. It now argues plaintiff's evidence does not establish a prima facie case under article 1702(B)(3), and the trial court erred by confirming the default judgment. Defendant contends the itemized statement of account refers to a policy number but "does not document the terms and conditions of the policy, the type of policy that was issued, the original premium payment or payments... [nor was it written on plaintiff's] letterhead and ... signed and attested to by any officer of [plaintiff]." The affidavit signed by Elizabeth England, defendant further notes, claims the amount owed is correct and that England is familiar with the books and business of plaintiff, but does not "describe the policy or even give the policy number involved nor does it make reference to any document, other than the Itemized Statement [of account]." If plaintiff provided insurance coverage, then it should have attached a copy of the policy or the declarations page, or evidence that defendant received the policy, argues defendant.
Furthermore, though not listed as an independent assignment of error, defendant argues plaintiff is not entitled to attorney fees under Revised Statute 9:2781 because plaintiff "has not proven that an open account arrangement existed."
This issue, whether a suit for unpaid policy premiums is a suit on an open account, is one of three we initially considered. The evidence that article 1702(B)(3) requires to establish a prima facie case on an open account may differ from evidence submitted to prove the existence of unpaid insurance premiums. The other two issues were: 1) If this case is a suit on an open account, is an itemized statement of account (and particularly the one plaintiff offered), with an affidavit of correctness, sufficient prima facie evidence that would justify the trial court's confirmation of plaintiff's default judgment; and 2) If this is a suit on an open account, did plaintiff follow all necessary steps, according to article 1702.1 and 9:2781, for an award of attorney fees. The first issue, however, is the issue upon which we decide the outcome.
Plaintiff argues its suit is one on an open account. It offered an itemized handwritten *30 statement of account showing the initial premium amount due, and later payments that reduced the balance. It cited Revised Statute 9:2781's definition of "open account" and contends this definition "clearly" encompasses its policy account with defendant. Our research, however, does not completely support this conclusion. Some circuit courts have held 9:2781(C) applies only to "professional services." Petron v. Magic-Mart, 94-28, p. 3 (La.App. 3d Cir. 10/5/94), 643 So.2d 441, 442-443 (finding a construction contract was not an open account); Mine & Smelter, Div. Of Kennedy Van Saun Corp. v. Ceres Gulf, Inc., 526 So.2d 404, 405-406 (La.App. 4th Cir.1988); See also Brooks-Harbour and Assoc. v. Mustakas, 562 So.2d 1089, 1091 (La.App. 4th Cir.1990). Plaintiff does not offer any authority showing insurance coverage should be considered "professional services" under 9:2781(C). If 9:2781(C)'s open account definition does not apply to suits for unpaid insurance premiums, then plaintiff's suit is not one on an open account. Nevertheless, we do not need to decide the issue of whether 9:2781(C) encompasses insurance services because this court held in 1985 that a suit for past-due insurance premiums is a suit in contract, not one on an open account. Percy v. Perkins, 468 So.2d 815, 817 (La.App. 1st Cir.), writ denied, 475 So.2d 355 (La.1985). This conclusion is logical since an insurance policy is a contract between the parties. Percy, 468 So.2d at 816; La. R.S. 22:611, et. seq.; Lindsey v. Poole, 579 So.2d 1145, 1147 (La.App. 2d Cir.), writ denied, 588 So.2d 100 (La.1991). We also note that in plaintiff's motion for confirmation of default, plaintiff's attorney certified the suit was one on insurance premiums. He could have marked the box next to the option, "an open account," but did not.
The fifth circuit in Brosset v. Childs Enterprises, 465 So.2d 89, 91-92 (La.App. 5th Cir. 1985), found the suit on insurance premiums was one on an open account. But Brosset considered factors in place before 9:2781 was amended to define "open account." These factors were queries whether there were other business transactions between the parties, whether the creditor extended a line of credit, whether there are current dealings between the parties, and whether the parties held any future expectations. It is unclear whether these factors are still relevant after the amendment to 9:2781 defining open accounts. The record here, nonetheless, provides no help in answering any of them. The only conclusion we can draw from the record is defendant purportedly owed plaintiff $54,718.00, the balance after defendant paid $25,000.00 on an initial debt of $79,718.00.
Therefore, we follow Percy and hold the present suit is for unpaid insurance premiums, a suit in contract, not on an open account. A suit in contract is a conventional obligation. La. C.C. art.1906. Code of Civil Procedure article 1702(B)(1) applies to a default judgment based upon conventional obligations. The trial court erred by confirming a default judgment styled as, and showing superficial evidence of, a suit on an open account. But the types of proof required to establish a prima facie case in sections (B)(1) and (B)(3) of article 1702 are not identical. The evidence attached to plaintiff's motion for default judgement is insufficient under 1702(B)(1). Accordingly, we reverse and remand for proceedings consistent with this opinion. We need not address the other two issues since we find this is a contract suit. Plaintiff is cast with all appeal costs.
REVERSED AND REMANDED.