| ]BARRY, Judge.
Defendant appeals a default judgment for $298,530.87 plus attorney fees. The issue is whether there was prima facie evidence to support the judgment. Defendant also assigned as error the award of attorney fees. Plaintiff concedes that assignment. We hold that the plaintiff did not prove a prima facie case and we vacate the judgment that confirmed the default and remand.

Facts

On February 21, 1997 Louisiana Workers’ Compensation Corporation sued Poston Industrial Maintenance Company for $298,-530.87 of workers’ compensation insurance premiums. Attached to the petition was a two page, unsigned, unnotarized “Invoice Reprint”, reflecting that $298,530.87 was due on July 15, 1996 for Poston Industrial Policy 38243-1. LWCC’s address was printed at the top of the first page, along with the date “2/11/97.” The invoice was dated June 15, 1996. Also attached to the petition was a fifteen page, unsigned, unnotarized “Daily Status Journal from 10/01/1992 to 2/11/1997” showing payroll Ramounts, applicable rates, and the final invoice amount. “Louisiana Workers’ Compensation Corporation” was typed at the top of the status report.
Poston Industrial did not file an answer, and a preliminary default was entered on July 17, 1997. LWCC filed a motion to confirm the default without a hearing.
Attached to the motion was an Affidavit of Correctness of Account by Paul Thompson, Technical Services Premium Auditor for LWCC, attesting that “the true and correct amount owned to plaintiff on said account by (Poston Industrial) is TWO HUNDRED NINETY-EIGHT THOUSAND AND FIVE HUNDRED THIRTY AND 87/100 ($298,-530.87) DOLLARS.” That affidavit contained the heading of this litigation but did not specify the policy number. No invoice was attached.
Also attached to the motion to confirm the default was the affidavit of Troy M. Dugas, LWCC’s attorney. That affidavit stated that “all necessary invoices, affidavits and/or notes are attached to the original petition” and that Poston Industrial was personally served. It also attested that the following documentation was attached to the Dugas affidavit: a copy of the declaration sheet for Policy 38243, issued May 16, 1994; a copy of an endorsement to the policy; and the policy summary sheet reflecting the outstanding premium.
There was certification by the Deputy Clerk of Court that no answer was filed.
On August 11, 1997 the trial court rendered judgment confirming the default and awarded twenty-five percent attorney fees. The issues are whether the record contained sufficient competent evidence and whether the default was improperly confirmed without a hearing.
Is Overview of Law
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.C.C.P. art. 1702(A). When the demand is based on a conventional obligation,
affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie ease shall be admissible, self-authenticating, and sufficient proof of such demand.
La.C.C.P. art. 1702(B)(1).
A hearing in open court is not required unless the trial judge directs that one be held. La.C.C.P. art. 1702(C).
The procedure for confirming the default is provided in La.C.C.P. art. 1702.1:
(A) When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified repro *504 duction thereof are attached. [Emphasis added]
The Supreme Court reviewed Art. 1702.1 when it examined the necessary proof to confirm a default judgment in a suit on an open account, for which an affidavit of correctness of the amount due is prima facie proof under La.C.C.P. art. 1702(B)(3). Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993). The plaintiff law firm argued that the affidavit of correctness standing alone was sufficient proof. The Supreme Court held that the affidavit of correctness verified the validity of the sum due but that Art. 1702(B)(3) did not expend with the necessity to prove the existence of the account by a statement of account or invoice. The Court further held:
J4N0 change in the law or the proof required to confirm a default was intended by the enactment of (La.C.C.P. art. 1702.1). The enactment of the article merely provided an additional procedure by which plaintiffs or their attorneys could confirm a default judgment in suits on open account (or where the demand is based on a conventional obligation after the 1987 amendment).
Sessions & Fishman, 616 So.2d at 1260. [Emphasis in original]

Sufficiency of Evidence

Poston Industrial argues that LWCC did not submit sufficient competent evidence to establish a prima facie case because the evidence did not include the insurance policy. Poston further complains that the invoices were not attached to an affidavit. That argument has merit.
The Fidelity & Casualty Company of New York v. A & M Construction, Inc., 96-1326 (La.App. 1 Cir. 3/27/97), 692 So.2d 28 involved a suit for insurance premiums. The First Circuit held that the suit was in contract, not on an open account. Id. at 30. The following evidence was insufficient to establish a prima facie case: 1) a handwritten paper purporting to be an itemized statement of account; 2) a Correctness of Account affidavit by a legal account representative for plaintiff; and 3) an affidavit of correctness by plaintiffs attorney.
The declaration page submitted by LWCC showed that workers’ compensation policy No. 38243 was issued to Poston Industrial. It also reflected ten applicable endorsements, only one of which was attached. Though counsel for LWCC argued in brief and oral argument that the omitted portions of the policy contained standard “boiler plate” language, there is no competent evidence to support that and no evidence as to how it might affect the premium.
Additionally, the affidavit of LWCC’s Technical Services Premium Auditor verified the amount owed to LWCC on Poston Industrial’s “account,” but it did not identify that account or policy number. The invoices were attached to the petition rather than the affidavit.
IsThe affidavit of LWCC’s counsel attested that the necessary invoices were attached to the petition. However, there is no proof that those invoices and other attachments to the petition were admitted into evidence and no attestation to the contents thereof by an affiant with personal knowledge.
Other proof included the policy summary statement attached to the affidavit of LWCC’s counsel. According to LWCC, that statement reflected “audited payroll by periods and all payments from June 14, 1994 until December 14, 1995.” The statement showed a “write-off balance” of $298,530.87 (the amount prayed for by LWCC), and a current balance of zero. No testimony or affidavit offered explanation.
The record did not contain sufficient competent evidence of the terms and conditions of the insurance contract and the amount due under that policy. Accordingly, we vacate the judgment confirming the default and remand. We pretermit the remaining assignments of error.

JUDGMENT VACATED; REMANDED.