977 So.2d 99 (2008)
ELLSWORTH CORPORATION
v.
PETE VICARI GENERAL CONTRACTOR, INC., Vicari General Contractor, Inc., Vicari Contractors, INC., P M Contractors, Inc., Vicari Investments, Inc., Vicari Motorsports, Inc., Peter G. Vicari and Barbara T. Vicari.
No. 07-CA-649.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*100 Salvador J. Pusateri, Nadia T. Torregano, Johnson, Johnson, Barrios & Yacoubian, New Orleans, Louisiana, for Plaintiff/Appellee-2nd Appellant.
William W. Hall, William W. Hall & Associates, Metairie, Louisiana, for Defendants/Appellants.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
Appellant, Pete Vicari General Contractors, Inc., appeals the grant of summary judgment in favor of plaintiff, Ellsworth Corporation (Ellsworth), that awarded Ellsworth attorney fees under the theory of quantum meruit. Cross-appellant, Ellsworth, also appeals the judgment. We affirm the judgment awarding attorneys' fees to Ellsworth, but on a different legal basis than found by the trial court.
The attorney fees claim arose out of an underlying dispute over the payment of premiums for performance surety bonds issued by Gulf Insurance Company, with Vicari being the principal. Plaintiff, Ellsworth, *101 is an agent/broker for Gulf Insurance Company who issued the bonds.
The bonds were issued in October of 2003, releasing liens filed by a subcontractor on a Vicari project. Vicari paid the initial premiums and renewals through October of 2005. For various asserted reasons, Vicari failed to thereafter pay the renewal premiums totaling $10,658.00. Ellsworth sued for the premiums, plus costs and attorney fees, claiming authority under a Limited Agency/Brokerage Agreement between Gulf and Ellsworth.[1]
Vicari deposited the sum of $10,658.00 into the registry of the court, while preserving the right to dispute Ellsworth's claim for attorney fees. Ellsworth filed a Motion for Summary Judgment on both the issue of the bond premiums and the issue of attorney fees. Regarding the attorneys' fees, Ellsworth argued that Vicari was liable under the terms of the General Indemnity Agreement between Vicari and Gulf Insurance, signed in May of 2002.
The matter was heard on April 26, 2007. On May 1, 2007, summary judgment was granted in part in Ellsworth's favor on the underlying claim and the money was released to Ellsworth in satisfaction of that claim. The matter of attorneys' fees was taken under advisement, and Ellsworth was given time to supplement the record with the fully executed Limited Agency Agreement between Ellsworth and Gulf Insurance.
Following supplementation of the record, on June 18, 2007, the trial court rendered judgment in favor of Ellsworth on the issue of attorneys fees in the amount of $3,500.00. The trial court specifically found that
"this action to collect unpaid insurance premiums lies in contract and that no contract provided to the Court provides for the collection of attorney fees or court costs to Ellsworth in the collection of a premium owed by Vicari to Gulf. See [Fidelity and Casualty Company of New York v. A & M Construction, Inc.,] 692 So.2d 28, (La.App. 1 Cir., 1997). However, this Court finds that Plaintiff has a claim for Attorney Fees under the theory of quantum meruit."
On appeal, Vicari argues that the trial court erred in awarding attorneys fees under a theory of quantum meruit, given that no contract or statute provided for an attorneys fees award under the facts of this case. Vicari argues that no attorneys' fees are due to Ellsworth in this case.
Ellsworth also appealed the judgment. They argue that the trial court erred in finding that the contracts provided to the court did not provide for recovery of full attorneys' fees and court costs; that the trial court erred in not granting judgment on open account and awarding attorneys' fees pursuant to LSA-R.S. 9:2781; that the trial court erred in not awarding legal interest pursuant to LSA-C.C. art. 2000; and that they are entitled to additional attorneys' fees and costs on appeal.
We agree that the attorneys fees are not due under a theory of quantum meruit. We find that the attorneys' fees are clearly due Ellsworth under the two contracts at issue, the Limited Agency/Brokerage Agreement between Ellsworth and Gulf, and the General Agreement of Indemnity between Vicari and Gulf. We reverse the amount of the award of attorneys fees, and *102 remand for the trial court to conduct an evidentiary hearing on the reasonableness of the fees in accordance with this opinion.
Our review of summary judgments on appeal is de novo using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate. Gautreaux v. Dufrene, 04-970 (La.App. 5 Cir. 1/11/05), 894 So.2d 385, 387. Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804; writ denied, 05-1976 (La.2/3/06), 922 So.2d 1184.
It is well settled that, as a general rule, Louisiana law does not permit recovery of attorney's fees in absence of a statutory provision allowing recovery or a contractual agreement by the parties to pay attorneys fees. Kinsinger v. Taco Tico, Inc., 03-622 (La.App. 5 Cir. 11/12/03), 861 So.2d 669.
Two contracts are at issue here. The first one is the Limited Agency/Brokerage Agreement between Ellsworth and Gulf Insurance that was executed in July of 2001 and was still in effect at the time Vicari executed the Release of Lien Bonds. This Agency Agreement allowed Ellsworth to represent Gulf Insurance Company in servicing contracts for bonds and collecting premiums due on the bonds on behalf of Gulf Insurance Company.[2] The Agency Agreement does not contain any provision for attorneys' fees.
Vicari and Gulf Insurance Company entered into a General Agreement of Indemnity on May 7, 2002. Therein, in paragraph 2, it is stated:
The Indemnitors will indemnify and save the Company harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company may pay or incur in consequence of having executed, or procured the execution of, such bonds, or any renewals or continuations thereof or substitutes, therefor, including fees of attorneys, whether on salary, retainer, or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this agreement. . . . (emphasis added)
Ellsworth argues that as agent of the Gulf Insurance Company, the General Agreement of Indemnity extended to Ellsworth, and it was empowered to represent Gulf in the collection of premiums on the bonds comprising the subject matter of this litigation, and in fact did so without objection from Vicari. Ellsworth argues that the Indemnity Agreement shows Vicari's intent and agreement to pay all attorneys' fees and costs associated in bringing suit to enforce the obligation of any of the indemnitors (Vicari).
Quantum meruit, as a substantive law basis of recovery, does not apply where a contract exists. Dumas and Associates, Inc. v. Lewis Enterprises Inc., 29,900 (La.App. 2 Cir. 12/22/97), 704 So.2d 433.
It is clear that Ellsworth sued Vicari for the bond premiums owed to Gulf, as Gulf's agent. The question is, does filing suit against Vicari to collect unpaid premiums come within Ellsworth's contractual authority, under the Limited Agency/Brokerage Agreement, to service contracts of insurance or bonds, or to collect premiums on Bonds? We find that the answer to this question is yes.
*103 The next question is, does Vicari's General Agreement of Indemnity with Gulf Insurance extend to Gulf's agent Ellsworth? We find that it does. In that agreement, Vicari clearly obligates itself to indemnify Gulf for the expense Gulf may pay or incur, in consequence of having executed the bonds, including fees of attorneys, and the expense of bringing suit to enforce the obligation of any of the Indemnitors (Vicari) under the Agreement. One of Vicari's obligations under the Agreement was to pay the premiums of the bonds (Section 1 of General Agreement of Indemnity). Ellsworth ultimately sued Vicari for the unpaid bond premiums, which Vicari deposited into the registry of the court and which were released to Ellsworth following summary judgment in their favor. At no time has Vicari challenged Ellsworth's right to sue Vicari for the unpaid bond premiums.
Accordingly, we find that the contracts clearly obligate Vicari to pay attorneys' fees for the collection of unpaid bond premiums to Ellsworth as Gulf's agent.
Ellsworth argues that the trial court erred in not granting judgment on open account, relying on Brosset v. Childs Enterprises, 465 So.2d 89 (La.App. 5 Cir. 1985). However, this case's holding was called into question by Fidelity and Cas. Co. of New York v. A & M Construction, Inc., 96-1326 (La.App. 1 Cir. 3/27/97), 692 So.2d 28, relied upon by the trial court in its Judgment, which, after a thorough analysis of similar cases, held that a suit for unpaid insurance premiums was a suit in contract, not one on open account. We find no error in the trial court's conclusion that this was a suit on contract, and thus attorneys' fees are not due under LSA-R.S. 9:2781.
Ellsworth argues that the trial court erred in not awarding all of its attorneys' fees, but only a portion thereof. At the hearing, counsel for Ellsworth submitted an affidavit attesting that plaintiff incurred fees of $7,632.25 and expenses in the amount of $1,291.96 in connection with the prosecution of this matter. Ellsworth argues that since the trial court did not find that these fees were unreasonable, the trial court erred in not awarding 100% of the fees sought.
The Louisiana Supreme Court, in determining the reasonableness of awards of attorney's fees, have utilized the following factors: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. Rivet v. State, Dept. of Transp. and Development, 96-0145 (La.9/5/96), 680 So.2d 1154, 1161.
There is no evidence in the record that the trial court considered any of these factors when setting the attorneys' fees, because she set them under the theory of quantum meruit, which we have found does not apply in this case. The analysis conducted under quantum meruit is similar, but not identical to the analysis of the reasonableness of these attorneys' fees and expenses.[3] Accordingly, the matter *104 must be remanded to the trial court for a determination of reasonable attorney fees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ROTHSCHILD, J., dissents.
ROTHSCHILD, J., dissents.
Although I agree with the ruling of the majority that the trial court erred in imposing attorney's fees on defendants based on a theory of quantum meruit, I disagree with its holding that attorney's fees are due under the two contracts at issue. I therefore dissent from that portion of majority opinion which holds that plaintiff is entitled to attorney's fees in this case.
As stated by the majority, Louisiana law does not permit recovery of attorney's fees in absence of a statutory provision allowing recovery or a contractual agreement by the parties to pay attorney's fees. In reaching its determination that attorney's fees are part of a contractual agreement between the parties, the majority extends the terms of the indemnity contract between Gulf Insurance and Vicari to the terms of the agency contract between Gulf Insurance and Ellsworth. After a review of the terms of these two contracts, I find this approach to be flawed for several reasons.
It is well settled that only a party to a contract can be bound by its provisions. La.C.C. art. 1983. A written contract is the law between the parties, and the parties will be held to full performance of the obligations flowing from their contract. La.C.C. art. 1983. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract. La. C.C. art. 2050. When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose. La. C.C. art. 2054.
Applying these principles to the present case, I fail to find support in either of the contracts for an award of attorney's fees to plaintiff in this case.
The General Agreement of Indemnity executed between Vicari and Gulf Insurance obligates Vicari to indemnify Gulf Insurance against expenses, including attorney's fees, which Gulf Insurance may pay or incur in bringing suit to enforce Vicari's obligation under this agreement. However, there is no evidence in the record that Gulf Insurance is seeking indemnification from Vicari for expenses it incurred in the form of attorney's fees. Further, Ellsworth is not a party to this indemnity agreement, and nothing therein obligates Vicari to indemnify Ellsworth for attorney's fees incurred by Ellsworth. Thus, contractual attorney's fees cannot be awarded to Ellsworth on the basis of this indemnity agreement between Vicari and Gulf Insurance.
Moreover, a review of the agency agreement relied upon by Ellsworth and the majority fails to contain any authority for Ellsworth's collection of attorney's fees in this matter. In that agreement, Ellsworth's authority is exclusively limited to a *105 list contained in Section I of the agreement, and the collection of attorney's fees is not included therein. Further, Section II of the agreement provides that in the event Ellsworth is unable to collect premiums, such as is the case here, Gulf Insurance has the right to undertake direct collection of these premiums if notified by Ellsworth within 45 days and no commission will be paid to Ellsworth in this circumstance. The agreement further provides that if Ellsworth does not timely notify Gulf Insurance of its inability to collect premiums, Ellsworth will be obligated to Gulf Insurance for these sums upon reasonable notice. Finally, Section XI of the agreement contains a provision that Gulf Insurance is not responsible for expenses incurred by Ellsworth unless agreed in writing.
No evidence was submitted in the present matter that Ellsworth notified Gulf Insurance of its inability to collect premiums in this case, or that Gulf Insurance authorized Ellsworth as its agent to incur the expenses of attorney's fees. Likewise, there is no evidence to support a holding that Vicari's agreement with Gulf Insurance obligates Vicari to Ellsworth for the payment of attorney's fees when such is not specified by the clear terms of the agreement. Thus, in my view, neither of these agreements provides a contractual basis to Ellsworth for an award of attorney's fees against Vicari.
Under these circumstances, I find that the trial court was correct in concluding that "no contract . . . provides for the collection of attorney fees or court costs to Ellsworth in the collection of a premium owed by Vicari to Gulf." Because I also find that there is no basis for an award of attorney's fees based on quantum meruit, I would vacate the ruling of the trial court awarding attorney's fees in this case and render judgment in favor of defendants.
NOTES
[1] The Limited Agency/Brokerage Agreement was signed in July of 2001 and is between Gulf and Ellsworth, LeBlanc, and Ellsworth, Inc. It is represented in the record that sometime after this Agreement was signed, Ellsworth, LeBlanc, and Ellsworth changed its name to Ellsworth Corporation. This agreement was in effect at the time the bonds were issued.
[2] See Section 1, Authority of Agent/Broker, (A)(1) and (A)(3).
[3] Considerations for determining quantum meruit attorney fees are time and labor required in prosecuting or defending the claim, the difficulty and novelty of the questions involved, the degree to which case precluded other employment, fees customarily charged in the locality for similar services, amount of money involved and results obtained, time constraints, and experience, reputation and ability of lawyer; quantum meruit analysis evaluates not merely the hours expended, but also the results and benefits obtained. Johnson v. Insurance Co. of North America, 27,847 (La.App. 2 Cir. 1/24/96), 666 So.2d 1286.