381 So.2d 898 (1980)
I. D. SMITH, Plaintiff-Appellee,
v.
W. A. McMICHAEL, Jr., et al., Defendants-Appellants.
No. 14062.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
*899 Wilkinson, Carmody, Peatross & Caverlee by John O. Hayter, III, Shreveport, for defendants-appellants.
Beard, Arceneaux & Sutherland by Roy L. Beard, Shreveport, for plaintiff-appellee.
Before HALL, JONES and McCLENDON, JJ.
McCLENDON, Judge.
Defendants appeal a trial court judgment awarding plaintiff $1500, together with interest from March 1, 1978 until paid; recognizing and maintaining plaintiff's lien on defendant Loe's property; allowing $12.18 for preparing and filing the lien; and rejecting defendant's reconventional demand for $720. We amend and affirm.
Defendant W. A. McMichael, Jr., contracted with defendant Loe Marine Supply Company, Inc., to construct a building on a three-acre tract of land owned by Loe. McMichael contracted orally with plaintiff to build a road to the facility at $13.00 per lineal foot and to clear and "grub" the tract at a cost of $3,500.
Plaintiff had been in the asphalt paving and dirt contracting business for 30 years and had done work for defendant McMichael for many years. In addition to the controversial site grading done over a period of three days in December of 1977, plaintiff did five or six other phases of work for McMichael in the area for which he presented invoices totaling over $25,000 in late February of 1978. All of these, including the above mentioned road building and clearing, were paid without question. The single exception was the $1,823.00 invoice for site grading of 0.9 acre of the three-acre tract where defendant Loe Marine's building was actually constructed. There were no written contracts or agreements for any phase of the work.
According to plaintiff, the total bill with separate invoices on each part was sent defendant on February 28, 1978, and on March 3, 1978 defendant called plaintiff to his office where they went over all the invoices. At that time defendant told plaintiff he was not going to pay the $1823 site-grading invoice because plaintiff had left two stumps. Plaintiff testified that the clearing and grubbing as well as the site grading had been completed since about December 7, 1977 with no complaint or request to correct any deficiency. He estimated that he had cleared between 700 and 1000 trees from the entire three-acre tract and could easily have left tap roots in the ground on more than two stumps since some of the pine tap roots were six feet or more deep in the ground and often broke off below the surface when the stump or tree was pushed over.
Defendant contended that he never authorized plaintiff to grade the site and had intended to ask several contractors to submit bids on the site grading of the 0.9 acre building site.
An affidavit of lien was filed and plaintiff filed suit to recover under the lien. Defendant filed a reconventional demand for $720 representing the cost of removing nine stumps which plaintiff allegedly failed to remove under his contract to clear and grub.
*900 The trial court found that because there was no meeting of the minds plaintiff was entitled to recover under the theory of quantum meruit. Plaintiff was awarded judgment as indicated above herein.
The first issue on appeal is whether the trial court abused its discretion by awarding plaintiff $1500 for the cost of the site grading.
Defendant McMichael contends that the trial court's award to plaintiff of $1500 is excessive, because defendant did not benefit by plaintiff's work to the extent of $1500. He further contends that the site grading done by plaintiff was only a portion of the grading that had to be done on the 0.9 acre building site and had it all been at one time it could have been done for much less.
In this connection the evidence reflects that defendant knew plaintiff had site graded the 0.9 acre in December of 1977 and that the grading did not include the parking area leveling in front or the sloping to the rear of the building. Despite this, defendant did not protest to plaintiff or request that he do more. Instead he proceeded in March of 1978 to pour the building slab and construct the building. After the building was finished, defendant then employed another contractor to prepare the parking area, which entailed moving dirt from the front, around the side of the building to the rear where it was spread and sloped. The charge for this was $1300.00 and obviously was more expensive to do with the building in place.
Plaintiff testified without contradiction that in the site grading of the 0.9 acre alone he had to remove dirt from the high end of the site to a depth of some four and one-half feet and shift that dirt to the low end, because there was approximately a nine-foot difference in elevation. He estimated a total of 2200 cubic yards were cut from the higher end and transferred to the low end of the lot in order to level it.
Defendant's own witness, Mr. Herrin, Vice-president of H & H Construction Company, who did or supervised the additional grading after construction in May of 1978, admitted that he would have charged about $1500 for moving 2200 cubic yards of dirt with a dozer, which is what plaintiff did, except that he had to use more equipment than just a dozer because the ground was very hard at the time.
The following language of the court in Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir. 1976), is pertinent to the issue here:
Generally, the plaintiff who establishes his right to be compensated on quantum meruit should recover as much as he reasonably deserves for his services, or for the labor and materials which he has furnished for the defendant's benefit. The amount which he can recover on quantum meruit, however, is subject to a double limitation: (1) Plaintiff cannot recover more than the actual value of the materials and labor furnished for defendant, including a fair profit; and (2) plaintiff cannot recover more than the amount defendant was enriched by his furnishing of labor and materials.
There is ample evidence in the record from which the trial court could have concluded the requirements set forth in Swiftships were met, and we believe the $1500 award is proper.
Defendant further contends that under the clearing and grubbing contract plaintiff should have removed all of the stumps to at least two feet below the surface. He contends he had to remove nine stumps in the foundation area which plaintiff failed to take out to that depth, at a cost of $720 and should recover this on the reconventional demand. Mr. McMichael testified that he based this figure on four to five hours per stump and backhoe rental, but failed to give any hourly rental rate.
The trial judge rejected this demand because defendant did not first give plaintiff an opportunity to get the stumps out. However, plaintiff had already told defendant he would not do any more work for him after defendant refused to pay the one invoice, so defendant was justified in not calling plaintiff to do the work. Although *901 we do not agree with the trial judge's reason for rejecting this demand, we believe defendant failed to prove his claim by a preponderance of the evidence. He offered no time records or other supporting data. Absent such a showing, we must uphold the trial judge's denial of this demand.
Defendant's third contention is that the trial court erred in awarding plaintiff interest from March 1, 1978, the date the invoice was submitted to defendant.
The well-established jurisprudence is that in a suit in quantum meruit, interest is only allowed from the date of the final judgment. Succession of Butler, 294 So.2d 512 (La.1974).
The judgment of the trial court is therefore amended to award interest from the date of judgment and is affirmed in all other respects. Costs of this appeal are assessed to appellant.