505 So.2d 100 (1987)
Trudy H. OPPENHEIM, a Professional Law Corporation and Trudy H. Oppenheim, Individually
v.
Rita B. BOUTERIE, wife of/and William Boyle
No. CA-6370.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*101 James A. McCann, McCann & McCann, New Orleans, for plaintiff.
William F. Wessel, Victoria L. Bartels, Wessel, Bartels & Ciaccio, New Orleans, for Rita Bouterie Boyle/Defendant.
Milton E. Brener, Garon, Brener & McNeely, New Orleans, for William Boyle/Defendant.
Before GULOTTA, BARRY and WARD, JJ.
BARRY, Judge.
This appeal involves the payment of an ex-wife's stipulated attorney fees out of the community estate, whether quantum meruit must be specifically pleaded for recovery, the date when legal interest commences, and the dismissal of the ex-husband's claim against his former spouse or the community for his legal fees.
Trudy H. Oppenheim, attorney, sued Rita and William Boyle based on a written contract to represent Mrs. Boyle in their domestic litigation. Mr. Boyle filed an exception of no right or cause of action and a third party demand claiming reimbursement from Mrs. Boyle if he is obligated to pay Ms. Oppenheim, or alternatively for judgment against Mrs. Boyle for half of his attorney's fees or against the community. Mrs. Boyle filed an exception of no right of action to the third party demand alleging Mr. Boyle could only assert such a claim in their partition proceeding. The parties stipulated to the written contract, the hourly fees, and the value of services rendered at $8,799.86.
The trial court awarded Ms. Oppenheim $8,799.23[1] with legal interest from judicial demand and costs to be paid from the community. The court denied Mr. Boyle's exception and Mrs. Boyle's exception to the third party demand was maintained.
Mr. Boyle contends the trial court erred by rendering judgment against the community absent specific pleading and proof of quantum meruit, by awarding interest from judicial demand and by dismissing his third party demand.
Guillory v. Guillory, 339 So.2d 529 (La. App. 4th Cir.1976) specifies at page 531:
Since the case of Gosserand v. Monteleone, [164 La. 397, 113 So. 889 La.1927] our jurisprudence consistently has been that attorney's fees incurred by the wife in prosecuting a suit for separation from bed and board or divorce is an obligation of the community which ... must be paid out of the community assets on a quantum meruit basis ...
One who sues on a contract for services cannot recover on quantum meruit unless there is an alternative plea for recovery on quantum meruit. Kirchberg v. Holloman, 248 So.2d 347 (La.App. 4th Cir. 1971).
Although Ms. Oppenheim's demand is on the contract, the petition pleads the results of her services, the extent and character of the work, her legal experience and credentials, the complexity of the case, her diligence and skill, and the amount due "based on an hourly rate of $75", plus hourly charges for an associate and paralegal.
The contract is not for a specified fee, rather it is grounded on services when required and has an open-end obligation to pay. The amount due is predicated on quantum meruit. The words "quantum meruit" are not sacred where the fact pleading clearly presents such a basis.
The trial court is vested with "much discretion" in determining a proper fee in quantum meruit and we will not disturb that determination absent manifest error. Succession of Butler, 294 So.2d 512 (La. 1974). We find none.
Mr. Boyle contends the court erred by maintaining an exception of no right of *102 action thereby dismissing his third party demand. He admits there is no jurisprudence to support his request that reimbursement of his attorney fees be consolidated with Ms. Oppenheim's suit. However, he suggests that equity and judicial economy require that attorney's fees for both parties be resolved at one hearing. He claims he "is being penalized for having paid his attorney by now having to pay half of his wife's fees."
Mr. Boyle has a right to proceed in the partition proceeding. He has no such right in this suit on a community debt.
Mr. and Mrs. Boyle allege the court erred by awarding prejudgment interest. We agree.
In a suit on quantum meruit legal interest is only allowed from the date of the final judgment. Succession of Butler, supra; Smith v. McMichael, 381 So.2d 898 (La.App.2d Cir.1980).
The judgment is amended to the stipulated sum of $8,799.86 with legal interest from February 28, 1986, and is otherwise affirmed.
AMENDED; AFFIRMED.
NOTES
[1] The judgment should have been for the stipulated $8,799.86 and will be amended.