feEDWARDS, Judge.
Defendant Barbara Richardson appeals from a judgment of the district court which awarded her former attorney, Richard Regan and Regan & Post, L.L.P., attorney’s fees in the amount of $27,500.00 in addition to the twenty-five percent (25%) awarded by the original judgment. For the following reasons we affirm.
Barbara Richardson and Leona Roy filed a petition for damages against the Parish of Jefferson and the Greater New Orleans Expressway Commission on December 6, 1989 in reference to an appropriation of land owned by Mrs. Roy and leased by Mrs. Richardson. Subsequently, a petition for intervention was filed on March 5, 1990 on behalf of the Succession of Henry G. Tassin as owner of an adjoining parcel of land in the dispute. The Greater New Orleans Expressway Commission was granted a summary judgment and released from the dispute on August 14,1992.
After a trial on the merits, the trial judge found the Parish of Jefferson to be pliable for the appropriation and awarded damages as follows:
Judgment granted in favor of the plaintiff, Leona T. Roy and against the defendant, Parish of Jefferson, in the amount of $141,000.00.
Judgment granted in favor of the plaintiff, Barbara Richardson and against the defendant, Parish of Jefferson, in the amount of $199,000.00.
Judgment granted in favor of the inter-venors, Joan Tassin and the Succession of Henry G. Tassin and against the defendant, Parish of Jefferson, in the amount of $140,000.00.
The amount awarded to the respective plaintiffs and intervenor shall bear legal interest from October 1, 1988 until paid.
Plaintiffs and intervenors shall be granted attorney’s fees in the amount of twenty-five (25%) percent on the total amounts awarded.
There is judgment in favor of the plaintiffs, Leona T. Roy and Barbara Richardson, and intervenors, Joan Tassin and the *707 Succession of Henry G. Tassin, for court costs and expert fees.
The original judgment was signed on December 28, 1994 and the amended judgment, which amended the judgment to include the date of legal interest listed above, was signed on January 25,1995.
The defendant Parish of Jefferson filed a petition for appeal on February 13, 1995. This Court affirmed the trial courts ruling on February 27, 1996. The Parish of Jefferson then filed an application for Writs of Certio-rari, which were denied on May 3, 1996.
Appellee, Regan & Post, L.L.P., contends that the Parish of Jefferson continued to resist payment of the judgment, claiming governmental immunity. This resistance by the Parish resulted in considerable additional legal work for the appellee. Appellee claims to have conducted extensive research of both State and Federal authorities as to the application of government immunity and the related Constitutional issues involved. Furthermore, the appellee prepared and filed a ^Judgment Debtor Rule, negotiated the release of the information requested in the Judgment Debtor Rule, recorded the final judgment, filed for a Writ of Mandamus to require the Parish to levy a tax, and ultimately negotiated an agreement with the Jefferson Parish Administration and the Jefferson Parish Counsel for payment of the Judgment over three fiscal years. The final sum received by Barbara Richardson, including principal and interest, was in excess of $350,000.00.
Due to the extensive work conducted by the appellee subsequent to the denial of the writ by the Supreme Court, the appellee contended that it was entitled to addition attorney’s fees for the substantial and unanticipated addition legal work performed on behalf of the appellant, Barbara Richardson.
Regan & Post, L.L.P. filed a motion for hearing to fix attorney’s fees on September 17,1997. This motion was later supplemented with a motion for hearing to fix attorney’s fees on a quantum meruit basis. Barbara Richardson, through her attorney of record, filed a third party demand against the Parish of Jefferson, which prompted the Parish to file an exception of no cause of action. Barbara Richardson then filed exceptions of Res Judicata and No Cause and/or Right of Action against her former attorney. On December 12, 1997, after conducting an eviden-tiary hearing, the trial judge ruled in favor of Regan & Post, L.L.P. and against Barbara Richardson, in the sum of $27,500.00 to account for the additional work done on a quantum meruit basis. The exception of no cause of action filed by the Parish of Jéffer-son was sustained on January 13, 1998. A Petition and Order for Appeal was filed by Barbara Richardson on February 17, 1998 in reference to all of the above stated matters.
ANALYSIS
Courts may inquire into the reasonableness of attorney’s fees as part of their prevailing inherent authority to regulate the practice of law. Abadie v. Markey, 97-684 (La.App. 5th Cir. 3/11/98), 710 So.2d 327; see also Ruttley v. Steiner, 95-73 (La.App. 5th Cir. 5/30/95), 656 So.2d 1095. A reasonable attorney’s fee is determined by the facts of an individual case. Gottsegen v. Diagnostic Imaging Services, 95-977 (La.App. 5th Cir. 3/13/96), 672 So.2d 940; Montalvo v. Montalvo, 592 So.2d 904 (La.App. 5th Cir.1991); Blue v. Schoen, 556 So.2d 1364 (La.App. 5th Cir.1990). In making awards for attorney’s fees, the trial court is vested with great discretion, the exercise of which will not be interfered with except in a case of clear abuse. Id.
The original fees awarded to the appellee in this case were awarded under Louisiana Revised Statute 13:5111 which states in part:
A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding.
*708 At the district court level, the trial judge awarded attorney’s fees in the amount of twenty-five percent (25%) to the plaintiffs as being a reasonable sum. However the appel-lee, who was the plaintiffs’ counsel of record in the original suit, expended additional time and work in the attempt to collect the judgment from the Parish of Jefferson. This work was performed on a quantum meruit basis and the trial judge ruled accordingly. Therefore, this appeal is based on the attorney’s fees awarded on a quantum meruit basis in favor of the former attorney and against one of the original plaintiffs, Barbara Richardson.
Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by a trial court in making an award of ^attorney fees, courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. Rivet v. State, Dept. of Transp. and Development, 96-0145 (La.9/5/96), 680 So.2d 1154, rehearing denied. The Supreme Court has previously noted that factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate, result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4)the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court’s own knowledge. Id. at 1161; Abadie v. Markey, 97-684 (La.App. 5th Cir. 3/11/98), 710 So.2d 327; In re Huddleston, 95-97 (La.App. 5th Cir. 4/25/95), 655 So.2d 416.
The factors listed in Rivet are derived from Rule 1.5(a) of the Rules of Professional Conduct, which provides:
(a).A lawyer’s fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1)The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of a particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
h(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
Rivet v. State Dept. Transp. and Development, 680 So.2d at 1161-1162; Blue v. Schoen, 556 So.2d 1364 (La.App. 5th Cir.1990).
The same standards hold true when determining attorney’s fees on the basis of quantum meruit. The trial court is vested with much discretion in determining a proper fee in quantum meruit. Succession of Butler, 294 So.2d 512 (La.1974); Oppenheim v. Bouterie, 505 So.2d 100 (La.App. 4th Cir.1987). A quantum meruit analysis properly evaluates not merely the hours expended, but the results and benefits obtained. Johnson v. Insurance Co. of North America, 27,847 (La.App. 2nd Cir. 1/24/96), 666 So.2d 1286.
In this case, the appellee has testified to the additional hours involved, the hourly fee that he would normally charge in such a situation, the amount in question and the results obtained for the appellant and the pressure placed upon him by the appellant to produce the funds awarded in the judgment against the Parish of Jefferson. The trial judge correctly awarded Regan & Post, L.L.P. attorney’s fees based on quantum me-ruit for the additional work involved in collecting on the judgment in this case.
Appellant Barbara Richardson’s claim of res judicata is without merit, as the attorney’s fees in dispute were earned by and awarded to Regan & Post, L.L.P. after the original case had come to completion. The *709 fees in dispute were earned while attempting to collect on the judgment from the Parish of Jefferson.
Conversely, appellee Parish of Jefferson’s exception of no cause of action is affirmed by this Court. The Parish of Jefferson appealed the judgment of the trial court and it was affirmed. Writs were denied by the Louisiana Supreme Court. j/The Parish of Jefferson eventually paid the full amount of the judgment by submitting the final installment payment on February 2, 1998. A Receipt and Satisfaction of Judgment was signed and filed with the court. Appellant Barbara Richardson has no further recourse against the Parish of Jefferson and any claim would be barred by the principal of res judi-cata.
The principal of res judicata is enumerated in LSA-R.S. 13:4231 which states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless re-litigation. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624. Since the cause of action is extinguished by the lawsuit, res judicata precludes litigation of not only that which was pleaded but also any issue which might have been pleaded with regard to that cause of action. Id.
The claim of appellee Regan & Post, L.L.P. is not res judicata because it ^concerns actions which occurred after Barbara Richardson’s lawsuit had come to completion. The third-party claim of appellant Barbara Richardson against appellee Jefferson Parish is res judicata because the case was appealed to the highest court and a final judgment was rendered. A release and satisfaction of judgment was filed on behalf of the Parish of Jéfferson when the entire judgment was paid to the plaintiffs. Therefore, the trial court’s grant of the Parish of Jefferson’s exception of no cause of action was proper and must be affirmed.
In summary, there is nothing in the record to indicate that the trial court abused its discretion in awarding additional attorney’s fees to Regan & Post, L.L.P. for services performed in collecting the judgment from the Parish of Jefferson. Furthermore, there is nothing in the record to indicate that the trial court abused its discretion in granting the Parish of Jefferson’s exception of no cause of action. For the foregoing reasons, the judgment is affirmed. Appellant is assessed all costs of this appeal.
AFFIRMED.