GEORGE BAYHI
v.
SUSAN DIANE STARKS ROSS MCKEY.
No. 2009 CA 0481.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
JACK M. DAMPF, DAVID C. VOSS, THOMAS G. HESSBURG, Baton Rouge, LA, Counsel for Plaintiff/Appellant, George Bayhi.
E. TRENT McCARTHY, Baton Rouge, LA Counsel for Defendant/Appellee, Susan Diane Starks Ross McKey.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WHIPPLE, J.
This matter is before us on appeal by plaintiff, George Bayhi, from an adverse judgment rendered by the trial court after remand from this court. Finding no error, we affirm.
Plaintiff, an attorney, filed the underlying action as a suit on open account, seeking to recover amounts allegedly due for legal services provided to defendant, Susan Diane Starks Ross McKey, his former client. After a trial on the merits, the trial court rendered judgment dismissing his claims against the defendant. Plaintiff then appealed to this court. On May 2, 2008, another panel of this court rendered an opinion, affirming the trial court's finding that plaintiff failed to meet his initial burden of proof on his claim for sums allegedly due on open account pursuant to LSA-R.S. 9:2781, and noting that the trial court's determinations were clearly based on its assessment of the credibility of the parties, who had provided contradictory testimony on almost every important issue. Finding, however, that the record did not indicate whether the trial court had considered plaintiffs right to recover under the alternative basis of quantum meruit, this court remanded the matter to allow the trial court to consider plaintiffs claims for recovery under this theory.[1] On remand, the trial court stated that it had, in fact, considered the theory of quantum meruit in rendering its initial ruling. Thus, for the reasons set forth in its initial ruling, as well as additional reasons assigned on remand, the lower court again dismissed plaintiffs claims by judgment dated January 9, 2009.
Plaintiff filed the instant appeal, asserting as his sole assignment of error that the trial court erred in dismissing his claim without reviewing the family court record of the underlying divorce and community property settlement proceedings.[2]
The record reflects that on December 1, 2008, the matter was heard on remand. At the commencement of the hearing, the parties stipulated that no other evidentiary hearing was necessary and that they were present for a ruling on the issue of quantum meruit. The trial court then stated that in rendering its initial decision, although not clear to this court from the earlier record, it had taken into consideration whether plaintiff was entitled to recover under the theory of quantum meruit. The trial court further stated that after considering the evidence submitted at trial, including the time and work that plaintiff testified he had spent on the case, the amount plaintiff was requesting as his outstanding fee, the testimony of the defendant, and the attorney's fees in the amount of $40,050.00 that had been previously paid to plaintiff by the defendant, the court found that plaintiffs claim for attorney's fees had been satisfied. In particular, the trial court again noted its rejection of plaintiffs contention that he had worked 648.25 hours, stating that "during the course of the trial [plaintiff] could not produce at one point the number of hours he had worked and the timeframe that he had worked those hours."
Notably, (and contrary to plaintiff's assertion as error on appeal), the record does not contain any indication or statement by the trial court that it had not reviewed the family court record, which was introduced into evidence in the suit on open account. Nonetheless, we note that even if the trial court had not reviewed the family court record, the trial court had sufficient evidence before it to determine that the amount of attorney's fees previously paid to plaintiff by defendant was satisfactory and that nothing further was due.
The trial court is vested with "much discretion" in determining a proper fee in quantum meruit and we will not disturb that determination absent manifest error. Oppenheim v. Bouterie, 505 So. 2d 100, 101 (La. App. 4th Cir. 1987). On review, considering the credibility determinations and factual findings made by the trial court, we find no error in the judgment of the trial court rejecting plaintiffs claim that additional fees were due.
Accordingly, the January 9, 2009 judgment of the trial court is affirmed in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2(A)(5), (6), (7), and (8). Costs of this appeal are assessed to the plaintiff/appellant, George Bayhi.
AFFIRMED.
NOTES
[1] See Bavhi v. McKey, XXXX-XXXX (La. App. 1st Cir. 5/2/08) (unpublished opinion).
[2] Plaintiff also requests in his brief on appeal that this court review the family court record de novo and render an attorney's fee award. We note, however, that appellate review of cases involving awards of attorney's fees pursuant to quantum meruit is subject to the manifest error standard of review. Barham & Arceneaux v. Kozak, 2002-2325 (La. App. 1st Cir. 3/12/04), 874 So. 2d 228, 245, writ denied, XXXX-XXXX (La. 6/4/04), 876 So. 2d 87. Thus, absent a showing that the trial court committed a legal error that interdicted the trial court's findings, the manifest error standard of review applies herein.