SUCCESSION OF EARLINE WEBER
MOLLERE

NO. 19-CA-414

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 71,28, DIVISION "A"
HONORABLE MADELINE JASMINE, JUDGE PRESIDING


March 26, 2020


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.


<u>**AFFIRMED IN PART;**</u>
<u>**REVERSED IN PART;**</u>
<u>**AFFIRMED AS AMENDED**</u>
    **MEJ**
    **RAC**


<u>**CONCURS IN PART, DISSENTS IN PART, WITH REASONS**</u>
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
KEVEN P. MOLLERE
    William D. O'Regan, III

COUNSEL FOR INTERVENOR/APPELLEE,
LIBBY MOLLERE ENGLADE AND CRAIG MOLLERE
    Robert R. Faucheux, Jr.
    Christophe L. Faucheux
    Lindsay M. Faucheux

**JOHNSON, J.**

Appellant/Independent Executor, Keven P. Mollere, appeals the judgment that reduced the attorney's fees for representation of the succession executor and the executor's fee for administration of the succession from the 40th Judicial District Court, Division "A", for the final accounting of the Succession of Earline Weber Mollere. For the following reasons, we affirm in part, reverse in part, and amend the judgment.

### FACTS AND PROCEDURAL HISTORY

On February 22, 2016, Keven Mollere filed a petition for probate of notarial testament, petitioning the trial court to execute the testamentary will of his mother—Earline Weber Mollere[1]. He also filed a petition for confirmation of independent executor, petitioning for his confirmation as the independent executor of Mrs. Mollere's succession. Keven was appointed the independent executor of the Succession of Earline Weber Mollere on March 1, 2016. The following year, Keven's siblings, Craig Mollere and Libby Mollere Englade, moved to remove Keven as the independent executor, alleging that he mismanaged the assets of the succession; breached his fiduciary duty to the estate; and had a conflict of interest that interfered with his ability to fairly administer the estate. Craig and Libby then moved for Keven to file an account of his administration of the succession.

In response to Craig and Libby's motion, Keven filed an interim account of his administration of the succession for the period of March 10, 2016 through March 9, 2017. Among the expenditures to the succession were two checks for legal services: one for $15,080 on January 27, 2016 and one for $4,460 on March 9, 2017. Craig and Libby opposed Keven's accounting for the succession, specifically alleging the attorney's fees were excessive and unreasonable. They

---

[1] Mrs. Mollere executed a last will and testament on November 25, 2003.

argued that the attorney's fees were not incurred for the preservation and protection of the succession. They averred that the fees were incurred for an entirely different lawsuit, in which Keven was sued individually and in his capacity as succession representative;[2] thus, the attorney's fees were incurred from the legal representation that solely benefitted Keven and in no way benefitted the estate. Hearings were held by the trial court on the motion to remove Keven as the independent executor and the opposition to Keven's interim account of the administration of the succession.

In a judgment rendered on August 4, 2017, the trial court denied Craig and Libby's motion to remove the independent executor and opposition to the interim account. The court determined that the evidence fell short of supporting removal of Keven as executor of Mrs. Mollere's estate. When addressing the opposition to the interim account, the trial court found that Keven had a duty to defend the succession as its executor. However, the court further found that, depending on the outcome of the other lawsuit, some of the legal fees may have been attributable to Keven personally because he was also sued individually. The trial court opined that $200 per hour in legal fees was not unreasonable for an established attorney who practiced as long as Keven's attorney, William O'Reagan, III, but found there was insufficient evidence presented to determine whether the amount of time spent on the various legal tasks was reasonable. The court ultimately held there was insufficient evidence presented to support the allegations that the charges were excessive or unreasonable.[3]

On May 2, 2018, Craig and Libby filed a motion to close the succession.

---

[2] The lawsuit was filed by Craig and Libby under district court case number 69,698. The underlying facts of that matter can be found in *Mollere v. Mollere*, 17-494 (La. App. 5 Cir. 3/28/18); 243 So.3d 1271.

[3] In the same judgment, the trial court addressed Keven's request to homologate the account. The court specifically opined that the $185,000 listing price for the sale of the immovable property should have been deposited into the succession, instead of the amount of $168,589 accounted for by Keven for the property.

Keven opposed the motion, arguing that the succession remained under administration and an appeal was pending with this Court on the other lawsuit. Keven noted his intention to apply for an appropriate fee for his services as the independent executor. A few months later, Craig and Libby filed a second motion to close the succession on October 4, 2018, contending that all of the matters involving the succession had been resolved. Within two weeks, Keven filed a final accounting of the succession for the period of March 9, 2017 through September 25, 2018, wherein he requested that the final account of the succession be homologated. The expenditures to the succession for that period largely consisted of payments to Keven's attorney.[4] Keven also included his anticipated executor's fee $11,006.36, which was 2 ½% of the total value of the succession calculated by Keven ($440,254.45)[5].

Craig and Libby opposed Keven's final account of the succession. They again contested the amount of attorney's fees for Keven's attorney, arguing that the legal fees incurred were unreasonable and excessive and were not incurred for the benefit of the succession. Craig and Libby also contested the executor's fee. They argued that the executor's fee was unreasonable and highly prejudicial against them as the other two heirs because Keven's calculation of the estate included stocks of Mollere Furniture and Appliances, Inc., which he was the sole recipient and required no administration, and one piece of real estate that was sold to Keven's son. They requested that the final accounting of the succession be amended by removing the attorney's and executor's fees or, in the alternative,

---

[4] Keven attached a detailed billing statement from William O'Regan, III to his final accounting of the succession. The billing statement included all of the attorney's charges to the succession, descriptions of the work done for each of the charges, and the time spent on each entry.

[5] Keven's descriptive list for all of the items of property comprised in the succession included:

| | |
|---|---|
| Immovable property | $185,000 |
| Movable property | $1,045 |
| 1400 Shares of Mollere Furniture and Appliances, Inc. | $253,442 |
| Bank Account | $767.45 |
| | $440,254.45 |

reducing those fees to reasonable amounts.

The trial court heard the matters on separate occasions on its regular docket and rendered a judgment on April 26, 2019. In its judgment, the trial court found that Keven had a duty to defend the succession as its executor and denied Craig and Libby's request to deny the attorney's fees. However, the court found merit in the argument that the attorney's fees should have been reduced. The trial court further found that the estimated fees included in the final account were grossly exaggerated. The court adjusted the number of hours of work accounted for in the legal fees, thereby reducing the total amount of attorney's fees.

In regards to the executor's fee, the trial court recognized the provisions of La. C.C.P. art. 3351 and the allowance of 2 ½% compensation of the value of the succession's inventory. However, the court opined that the compensation should have been reasonably related to the services rendered by the executor. The trial court noted that the 1400 shares of stock in the succession's inventory constituted more than half of the total value of the estate and found that it was unnecessary for Keven to perform services involving the shares of stock he inherited. The court further found no just reason to include the value of the stocks in the value of the estate for purposes of determining the executor's fee. The trial court awarded Keven $4,670.31 as the executor's fee for the administration of his mother's succession. As a result of the reductions of the fees, the trial court granted the request to amend the final account for the Succession of Earline Weber Mollere. The instant devolutive appeal filed by Keven followed.

## ASSIGNMENTS OF ERROR

On appeal, Keven alleges the trial court erred in deciding that the attorney's fees that already were expended should have been reduced, and the trial court erred

in reducing the independent executor's fee.

## LAW AND ANALYSIS

Attorney's Fees

Keven alleges the trial court erred in reducing the attorney's fees to $10,320 because the reduction was arbitrary, erroneous and without authority. He argues that all of the legal services rendered in this case were for defending the succession, and the attorney's fees in the amount of $20,220 were already expended as an expense of the succession. Keven contends that the attorney's fees were reasonable under American Bar Association Model Rule 1.5, and there was no reason for reduction of the attorney's fees other than the subjective determination of the trial court that the attorney's fees were excessive for a case that has been ongoing since 2016 and required more hours than were actually billed.

Keven also argues that, as the independent executor of the succession, he was authorized to pay the debts of the succession without court supervision. He contends that the trial court has no discretion in determining which bills and how much of the same should be paid by the independent executor. He insists that allowing a trial court to second guess an independent executor after previously giving that person full authority would cause significant increases in litigation. Consequently, Keven avers the trial court is divested of discretion when it comes to determining the appropriateness of the attorney's fees, unless the fee is grossly overstated. He implores this Court to recognize that the attorney's fees already expended by him as independent executor were reasonable.

Craig and Libby maintain the trial court properly reduced the attorney's fees to a reasonable amount. They aver that no adverse claims were made against the Succession of Earline Weber Mollere, and Keven attempted to include all of his attorney's fees for both lawsuits in his succession accounting. Craig and Libby

assert that the attorney's fees were grossly exaggerated and were properly reduced.

"It has long been recognized in Louisiana law that an executor of a succession may obtain an attorney to aid in the carrying out of the executor's duties and to defend the succession against adverse claims made against it." *In re Succession of Brazan*, 07-566 (La. App. 5 Cir. 12/27/07); 975 So.2d 53, 57, citing *Succession of Jenkins*, 481 So.2d 607 (La. 1986). The courts have also recognized that the costs of such legal representation may be charged to the succession. *Id.*, citing *Atkins v. Roberts*, 561 So.2d 837 (La. App. 2d Cir. 1990). However, the courts have made the distinction that where the legal representation is primarily for the personal benefit of the executor and not the estate, such fees may not be paid from the property of the succession. *Id.*, citing *Succession of Haydel*, 606 So.2d 42 (La. App. 4th Cir. 1992). Whether an attorney's work was for the benefit of the succession estate is a question of fact that cannot be set aside absent manifest error. *Id.*

Attorney's fees are subject to the review and control by the courts. *Abadie v. Markey*, 97-684 (La. App. 5 Cir. 3/11/98); 710 So.2d 327, 333. Regardless of the language of the statutory authorization for an award of attorney's fees or the method employed by a trial court in making an award of attorney's fees, courts may inquire as to the reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law. *Richardson v. Parish of Jefferson*, 98-625 (La. App. 5 Cir. 2/10/99); 727 So.2d 705, 708, *writ denied*, 99-864 (La. 5/7/99); 740 So.2d 1289. The factors to be considered in determining the reasonableness of attorney's fees are: 1) the ultimate result obtained; 2) the responsibility incurred; 3) the importance of the litigation; 4) the amount of money involved; 5) the extent and character of the work performed; 6) the legal knowledge, attainment, and skill of the attorneys; 7) the number of appearances involved; 8) the intricacies of the facts involved; 9) the diligence and skill of

counsel; and 10) the court's own knowledge. *Rivet v. State, Dept. of Transp. and Development*, 96-145 (La. 9/5/96); 680 So.2d 1154, citing *Abadie*, 710 So.2d at 334; *In re Tutorship of the Property of Alicia St. John Huddleston*, 95-97 (La. App. 5 Cir. 4/25/95); 665 So.2d 416, 419.

The factors listed in *Rivet* are derived from Rule 1.5(a) of the Rules of Professional Conduct, which states:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of a particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.

*Richardson*, *supra*.

A reasonable attorney's fee is determined by the facts of an individual case. *Id*. at 707. In making awards of attorney's fees, the trial court is vested with great discretion, the exercise of which will not be interfered with, except in a case of clear abuse. *Id*.

The trial court in this matter held that most, if not all, of the contested issues in this case were initiated by Craig and Libby against Keven as the succession's executor, and Keven had a duty to defend. As a result, the trial court denied Craig and Libby's request to deny the award of attorney's fees. However, the trial court found that the alleged amount of time worked on the case could not be justified and opined that the attorney's fees should have been reduced to a more reasonable amount. The court reasoned that, although the matter had been very litigious, the

case was not very complex. After a review of the records involving the succession (including but not limited to the pleadings, memoranda, court appearances, and court minutes), the trial court found that the amount of time alleged by Keven's attorney could not be justified in light of the simplicity of the issues and the complexity and length of the pleadings. The trial court subsequently adjusted the amount of hours listed on the detailed billing statement from Keven's attorney. The trial court further found that the estimated fees included in the final account were grossly exaggerated because those items did not require any legal research and were simple pleadings.

Although Keven contended that the attorney's fees were reasonable under American Bar Association Model Rule 1.5, the courts of this State are bound by the factors set forth in *Rivet*, *supra*. According to the reasons provided by the trial court, it considered the required factors in determining the reasonableness of the attorney's fees and concluded that the fees needed to be reduced. After reviewing the facts of this particular case, we cannot find that the trial court clearly abused its discretion in reducing the amount of attorney's fees awarded to Keven. Consequently, we will not interfere with the trial court's determination.

Executor's Fees

Keven alleges the trial court abused its discretion by reducing the independent executor's fee from $11,006.36 to $4,670.31. He argues that the value of the estate of Earline Weber Mollere was $440,254.54, and he was entitled to an executor's fee of 2 ½% of the value of the estate. He contends that the trial court's reasoning that the "compensation should be reasonably *related* to the services of rendered by the executor" is language outside of the scope of La. C.C.P. art. 3351. He further contends that the executor's fee was arbitrarily reduced based on a subjective determination made by the trial court with complete disregard for the legislative intent, as there is zero indication that the legislature sought to give

discretion of setting the executor's fee based on what the court feels is "reasonably related" to the services rendered to the succession—rather than upon the value of the succession as is required by La. C.C.P. art. 3351.

Craig and Libby maintain the trial court properly reduced the executor's fee to include only property administered in the succession. They aver that Keven had a minimal estate to administer, as there was one piece of real estate belonging to the succession that was sold to Keven's son. They assert there was no reason to list the property on the real estate market other than to incur more fees at the expense of the succession. Craig and Libby further aver that the portion of the estate including the shares of stock did not need administration because those shares were solely left to Keven.

The trial court awarded Keven $4,670.31 as compensation for administering the succession as its executor. The court opined that the compensation should have been reasonably related to the services rendered by the executor. The trial court found that there was no just reason for the value of the 1400 shares of stock in Mollere Furniture and Appliances, Inc. inherited solely by Keven to be included in the value of the estate for the purpose of determining the executor's fee. The trial court deducted the $253,442 from the total value of the estate and awarded Keven 2 ½% of the remaining value of the estate.[6]

When considering the compensation of a succession executor, La. C.C.P. art. 3351 provides,

> An executor shall be allowed as compensation for his services such reasonable amount as is provided in the testament in which he is appointed. An administrator for his services in administering a succession shall be allowed such reasonable amount as is provided by the agreement between the administrator and the surviving spouse,

---

[6] Although the calculations are not explicitly listed in the judgment, it can be surmised that the trial court's calculations are as follows:

$440,254.45 (total value of the estate)
-$253,442.00 (value of the stocks)
$186,812.45 (remaining value of the estate)
x       2 ½  (executor's fee allowance)
$4,670.31 (executor's fee awarded)

and all competent heirs or legatees of the deceased.

In the absence of a provision in the testament or an agreement between the parties, the administrator or executor ***shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession***. The court may increase the compensation upon a proper showing that the usual commission is inadequate.

A provisional administrator or an administrator of a vacant succession shall be allowed fair and reasonable compensation by the court for his services.

The compensation of a succession representative shall be due upon the homologation of his final account. The court may allow an administrator or executor an advance upon his compensation at any time during the administration. (Emphasis added).

Pursuant to La. C.C.P. art. 3351, the executor is entitled to the compensation stated in the Article, unless there is a showing of mismanagement. *See*, *In re Succession of Brazen*, *supra*.

After review, we find that the trial court erred in reducing the amount of compensation received by Keven as the executor of the succession. Although the trial court found that the sale of the immovable property was not in accordance with the requirements of La. C.C.P. art. 3281, it did not exclude the immovable property from the value of the estate. Instead, the court excluded the value of the shares of stock and found no just reason to include the shares in the total value of the estate because it was unnecessary for Keven to perform any services involving his shares of stock. However, the trial court did not make a finding that Keven mismanaged the estate. As held in *In re Succession of Brazen*, the executor is entitled to the compensation stated in La. C.C.P. art. 3351, unless there is a showing of mismanagement. The Article does not account for deductions from the inventory of the succession. Because there was no finding of mismanagement, Keven is entitled to 2 ½% of the amount of the inventory of the succession as compensation. The total amount of the succession is $440,254.45. Thus, we find that Keven is entitled to 2 ½% of $440,254.45, which is $11,006.36, as compensation for his services.

Therefore, we find that the trial court erred in reducing the executor's fee to $4,670.31. Accordingly, we vacate that portion of the judgment and amend the judgment to reflect an award of $11,006.36 to Keven as the executor's fee for administration of the Succession of Earline Weber Mollere.

**DECREE**

For the foregoing reasons, we affirm the portion of the judgment of the trial court that reduced the attorney's fees for representation of the succession executor. Furthermore, we reverse the portion of the judgment that reduced the executor's fee for administration of the succession and amend the judgment to reflect an award of $11,006.36 to Keven P. Mollere for compensation as the executor. Each party is to bear his/their own costs of this appeal.

**<u>AFFIRMED IN PART;</u>**
**<u>REVERSED IN PART;</u>**
**<u>AFFIRMED AS AMENDED</u>**

SUCCESSION OF EARLINE WEBER
MOLLERE

NO. 19-CA-414

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## **J., MOLAISON CONCURS IN PART, DISSENTS IN PART, WITH REASONS**

I concur with the majority opinion to reverse the portion of the judgment that reduced the executor's fee for administration of the succession and amend the judgment to reflect an award of $11,006.36 to Keven P. Mollere for compensation as the executor. I dissent in part, however, with the majority's determination to affirm the trial court's reduction of attorney's fees.

The trial court has much discretion in fixing an award of attorney fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. *In re Succession of Bankston*, 02-0548 (La. App. 1 Cir. 2/14/03), 844 So.2d 61, 65, *writ denied*, 03-0710 (La. 5/9/03), 843 So.2d 400.

At the January 18, 2019 hearing on appellees' opposition to the final accounting, they argued that one set of attorney's fees for $19,540, was previously addressed in a judgment dated August 4, 2017. Appellees asked the Court to take judicial notice of the other case, in which appellant was named as a defendant. The record from the lawsuit against appellant was not introduced into evidence. As noted by the court in *Alleman v. Joffrion*, 411 So.2d 1142, 1144 (La. Ct. App.), *writ denied*, 415 So. 2d 945 (La. 1982):

> Records of other proceedings are admissible in evidence in a subsequent suit, but there must be some motion or request to that effect by the party desiring the former record to be admitted; the court will not take

19-CA-414                                          1

judicial notice of the record. *Spencer v. Crain,* 61 So.2d 613 (La. App. 1st Cir. 1952).

Therefore, to the extent that the trial court relied on court records that had not been introduced into evidence, the trial court erred. And because Judge Jasmine did not preside over the other trial, I find that she was not in a position to determine the value of the services rendered by the Succession attorney in that case.

It is unclear from the trial court's reasons for judgment how certain legal bills were chosen for reduction. It is further not apparent from a printout of the legal bills which charges were incurred from which case. Arguably, the trial judge from the other proceeding would be in a position to determine the propriety of fees in the succession matter, as well as duplicate charges and other errors in calculation.

Therefore, I would remand the matter for the taking of additional evidence regarding the attorney's fees incurred by the succession. See, *Succession of McLean,* 26,566 (La. App. 2 Cir. 3/1/95), 651 So. 2d 920, 929, "When an award of attorney fees in some amount is or may be warranted but the record does not contain all available evidence from which the appellate court may determine what amount is reasonable, we may remand for the taking of additional evidence, in the interest of justice."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 26, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-414**

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE MADELINE JASMINE (DISTRICT JUDGE)
WILLIAM D. O'REGAN, III (APPELLANT)      LINDSAY M. FAUCHEUX (APPELLEE)      ROBERT R. FAUCHEUX, JR. (APPELLEE)
CHRISTOPHE L. FAUCHEUX (APPELLEE)

### MAILED
NO ATTORNEYS WERE MAILED